The facts in this case sufficiently appear in the opinion of the court, which was delivered by —
Shaw, C. J.
This is a petition for partition of real estate, of which the petitioner is seised of one moiety in his own right, and together with the respondents, as joint trustees with himself, of the other moiety, in trust for a third party. And the question is, whether the petition can be granted under such circumstances; whether there is such a diversity of interest as is contemplated by the statute, which gives this court jurisdiction in cases of partition. It was asked at the hearing, if the probate court had refused to take jurisdiction in the matter, and the reply was, that the trust was not created by devise, *406 but under a power of appointment in a marriage settlement, and that, therefore, it was not within the province of that court. We cannot say what legal remedy there may be in such a case, but, if all the owners petition, this court has no jurisdiction. If all desire the partition, they may make it by deed, and if any one be incapable of acting from any disability, some one may be appointed to act for him. The statute appears to provide only for cases between adverse parties. It says that the proceedings may be by petition or by writ; if by writ, it is clearly adverse. And certainly partition could not be made between these parties under the latter form of proceeding, for here one of the parties is on both sides. The statute contemplates cases where the party respondent may be supposed, at least, to be able to plead sole seisin.
R. C. Winthrop, for himself.
W Minot, Jr., for the respondents.
We are all of opinion that partition cannot here be granted.